UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMESTOP, INC., | No. 2:17-cv-00719-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| STEPHANIE A. BRIDGETT, District Attorney, Shasta County District Attorney's Office, in her official capacity and MICHAEL HESTRIN, District Attorney, Riverside County District Attorney's Office, in his official capacity, | |
| Defendant. | |

This matter is before the Court pursuant to Plaintiff Gamestop's ("Plaintiff") motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue. (ECF No. 11.) For the reasons set forth below, Plaintiff's motion is hereby DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that its California stores have been required to comply with California's Secondhand Dealer Law, California Business & Professions Code §§ 21625, *et. seq.* (the "SDL). (ECF No. 11 at 2.) Plaintiff argues the SDL was enacted to stop resale of stolen merchandise by stores whose principal business is to deal in secondhand goods (i.e. pawn shops) and does not apply to retail stores which sell mostly new merchandise. (ECF No. 11 at 9.)

1

Plaintiff alleges that it has been forced to comply with onerous SDL requirements despite the small percentage of revenue it receives from a trade in program (5% of revenue from its stores in California) and low incidence of stolen goods (0.021% of its trade in items between 2011 and 2016). (ECF No. 11 at 14, 16.) Plaintiff purchases used videogame consoles from customers through its trade in program in exchange for store credit or, less commonly, cash. (ECF No. 11 at 9.) The SDL requires all customers trading in goods to provide a photo identification, a legible fingerprint, date of birth, address, height, weight, race, and hair and eye color. (ECF No. 11 at 14.) Plaintiff must collect this data and report it daily to local law enforcement. (ECF No. 11 at 13–14.) Plaintiff must also hold all trade in items for 30 days and produce any item for inspection on demand of local law enforcement, when it would otherwise immediately re-sell or refurbish the items. (ECF No. 11 at 14–15, 19.) Plaintiff alleges it has lost revenue, and incurred expense and ill will from customers in meeting these requirements. (ECF No. 11 at 15, 17, 27–28.)

Further, Plaintiff alleges that it has received inconsistent direction from authorities regarding application of and compliance with the SDL. (ECF No. 11 at 17, n.4.) Plaintiff states it has dedicated resources to maintain the licenses SDL requires each store have to enter the data collected into a database. (ECF No. 17.) However, the authorities do not always process license renewals in a timely manner which prevents Plaintiff from updating the database as required. (ECF No. 17.)

Plaintiff argues that Defendants' enforcement of the SDL against Plaintiff — forced data collection, inspection of records and goods without warrant or cause, and licensing — violates the Dormant Commerce Clause and the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Section 13 of the California Constitution. (ECF No. 11 at 2–3.)

Plaintiff filed its Complaint on April 4, 2017, and its First Amended Complaint on April 19, 2017, requesting a declaratory judgment that the SDL does not apply to Plaintiff and similar retailers and enjoining enforcement of the SDL. (ECF Nos. 1, 7.) On April 26, 2017, Defendants moved to dismiss, stating that they had filed an enforcement action against Plaintiff in state court on April 7, 2017, and arguing that this Court should abstain. (ECF No. 9 at 7–8.) On April 28, 2017, Plaintiff moved for a temporary restraining order enjoining defendants from enforcing the

SDL and an order to show cause why a preliminary injunction should not issue. (ECF No. 11.)

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

3

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

### I. ANALYSIS

After reviewing the record,[1] the Court is not convinced that Plaintiff's suit will survive the pending motion to dismiss, let alone succeed on the merits of the instant case, the first *Winter* prong. If the Court finds that Plaintiff has not met its burden as to one *Winter* prong, then the Court need not address the remaining prongs as Plaintiff has not met its burden for injunctive relief. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs").

In civil cases, "abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759

---

[1] In deciding this *ex parte* motion, the Court considered Plaintiff's First Amended Complaint, ECF No. 7, Plaintiff's Motion for Temporary Restraining Order, ECF No. 11, other written submissions included with the motion, and Defendants' previously submitted Motion to Dismiss, ECF No. 9. *Bernadette v. Amf Holdings, LLC*, No. 215CV01887RFBVCF, 2016 WL 8735618, at *3 (D. Nev. Feb. 5, 2016), *Holub v. Exec. Office for U.S. Attorneys*, No. CIV.A. 09-347 (RBW), 2009 WL 3247000, at *1 n.1 (D.D.C. Oct. 12, 2009). *See Mostow v. Hinsdale Tp. High School Dist.*, No. 06 C 4505, 2006 WL 2505798, at *2, n.3 (N.D. Ill. Aug. 25, 2006) (considering the defendants' motions to dismiss their opposition to the plaintiffs' motion for a temporary restraining order).

(9th Cir. 2014). As to the first prong, the date for determining whether the state proceeding is ongoing "is the date the federal action is filed." *Id*. (quoting *Gilbertson v. Albright*, 381 F.3d 965, 969 n. 4 (9th Cir. 2004)). Plaintiff filed its action in this Court on April 4, 2017, three days before Defendants assert that they filed their action in state court on April 7. (ECF Nos. 1 and 9 at 7.) Defendants then moved for the Court to abstain from hearing this matter. (ECF No. 9 at 15.)

The doctrine of abstention applies, however, even where state proceedings begin after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court. *Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011) (citing *Hicks v. Miranda,* 422 U.S. 332, 350 (1975)). Examples of proceedings of substance on the merits include a federal court granting a preliminary injunction, and a federal court conducting an evidentiary hearing on the question of a preliminary injunction without having issued the injunction. *Id*. (citing *Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 238 (1984), *Adultworld Bookstore v. City of Fresno,* 758 F.2d 1348, 1350–51 (9th Cir.1985)).

Plaintiff did not address the issue of abstention in its current motion. It is not required to do so and its response, if any, to Defendants' motion to dismiss is not yet due. However, the Court does not then have the benefit of any briefing or argument from Plaintiff on this issue. If Plaintiff cannot show likelihood that its action will survive Defendants' motion to dismiss and remain in this Court, then Plaintiff cannot show that this Court will be able to proceed to address the merits of its claims and that it is likely to succeed on those merits. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. V. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008), accord *Erichsen v. County of Orange*, No. 16-55763, 2017 WL 655801, at *1 (9th Cir. Feb. 17, 2017) ("To the extant that the state court proceedings were ongoing, the district court properly held that *Younger* abstention required denial of the TRO."). This Court, therefore, cannot find that Plaintiff is likely to succeed on the merits, and that is the showing Plaintiff must make under the first *Winter* prong. This weighs in favor of denying injunctive relief.

The Court need not address the other *Winter* prongs since Plaintiff cannot succeed under *Winter* or the Ninth Circuit's sliding scale approach. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135 (a plaintiff to make a showing on all of the *Winter* prongs); *see*

*also Lopez v. Brewer*, 680 F.3d 1068, 1072–73 (9th Cir. 2012).

**II.  CONCLUSION**

For the foregoing reasons, this Court finds that injunctive relief is not appropriate with the information before the Court at this point in the litigation. Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause (ECF No. 11) is hereby DENIED.

IT IS SO ORDERED.

Dated: May 9, 2017

Troy L. Nunley
United States District Judge