UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMESTOP, INC., | No. 2:17-cv-00719-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| STEPHANIE A. BRIDGETT, District Attorney, Shasta County District Attorney's Office, in her official capacity; MICHAEL HESTRIN, District Attorney, Riverside County District Attorney's Office, in his official capacity, | |
| Defendants. | |

This action involves a complaint for declaratory judgment as to the application of California's Secondhand Dealer Law to Plaintiff Game Stop, Inc. ("Plaintiff"). Defendants Stephanie Bridgett and Michael Hestrin (collectively "Defendants") filed a motion for relief from or to clarify this Court's previous order. (ECF No. 35.) Defendants ask the Court to reconsider its previous order denying a continuance on the motion for summary judgment, but granting Defendants request to stay discovery. (ECF No. 35.) Plaintiff filed an opposition. (ECF No. 37.) Defendants filed a reply and Plaintiffs filed a sur-reply[1]. (ECF Nos. 38 & 40.)

---

[1] The Local Rules and the Federal Rules of Civil Procedure only allow for the filing of a motion, opposition and reply. Neither set of rules provides an automatic right for a sur-reply nor did the Court ask for one. Accordingly, the Court will not consider Plaintiff's sur-reply (ECF No. 40).

1

Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Defendants argue that a motion for reconsideration is warranted under Rule 60(b)(6), "any other reason that justifies relief." Plaintiff contends that Defendants have not presented any new evidence in their motion that was not previously available to them when they filed their motion for continuance. (ECF No. 37 at 3.) However, new evidence is not required for a motion for reconsideration brought pursuant to Rule 60(b)(6). Therefore, Plaintiff's argument is unavailing. Under Rule 60(b)(6), Defendants must show that "extraordinary circumstances" exist to justify relief from judgment. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Defendants have failed to show that extraordinary circumstances exist to justify relief from this Court's previous order. Defendants reiterate their previous argument that the Court cannot rule on a substantive matter before determining the jurisdictional issue. However, reiteration of past arguments which were unavailing in the first instance is not the kind of extraordinary circumstances that would warrant granting relief from the Court's previous denial of a continuance.

While the Court is not required to justify its order, the Court will do so here. The Court chose not to continue the motion for summary judgment in an attempt to streamline its court calendar and to allow the motion for summary judgement to be immediately determined if the motion to dismiss is denied. The Court does not want to delay this case any longer than is

necessary to determine the motion to dismiss. Accordingly, the Court denies Defendants' motion for relief from the Court's denial of a continuance.

In the alternative, Defendants assert that factual discovery is necessary to respond to Plaintiff's motion for summary judgement with regards to how much the re-sale of goods comprises Plaintiff's overall business sales. (ECF No. 35 at 4.) Defendants argue that the Court's previous order creates a conundrum on how Defendants can adequately respond to Plaintiff's motion for summary judgment and yet not conduct any factual discovery to dispute Plaintiff's facts. (ECF No. 35 at 5.) Defendants ask the Court to limit the issue to non-factual matters such as the interpretation of the statute because discovery is stayed. (ECF No. 35 at 4.) The Court notes that Defendants requested stay of discovery in their previous motion and to an extent, the conundrum Defendants find themselves in is a problem of their own making. However, the Court agrees that factual discovery is necessary to adequately respond to the motion for summary judgment. Plaintiff argues that it provided extensive evidence to Defendants regarding Plaintiff's sales in an effort to resolve this case at an earlier stage of litigation. (ECF No. 37 at 3.) However, the Court need not make a final determination on whether to afford discovery because Defendants filed an opposition to the motion for summary judgment on May 31, 2017. Accordingly, the above matters are MOOT.

The Court is aware of its obligation to first determine jurisdiction before ruling on any substantive motions. The Court's efforts to prevent prolonging the case does not mean the Court will ignore this important fact. The parties need not remind the Court of this fact through continued filings. Defendants' Motion for Relief or Clarity from this Court's previous order (ECF No. 35) is hereby DENIED as MOOT.

IT IS SO ORDERED.

Dated: June 1, 2017

Troy L. Nunley
United States District Judge